UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
-------------------------------------------------x
                                                 :
C.K., an infant by his :                         :
Mother and Natural Guardian KAREN                :
KOCSIS, and KAREN KOCSIS,                        :
Individually,                                    :      Civil Action No.: 3:18-cv-01895
                                                 :
                             Plaintiffs,         :
                                                 :
           vs.                                   :
                                                 :
CHRISTIANA HOSPITAL, LAUREN                      :
KANTER-APPELBAUM, M.D.,                          :
CAROLYN WEEKS, P.A., BOBBIE                       :
McCREADY, RN, JOHN AND JANE                      :
DOE "1-5", M.D., JOHN AND JANE                    :      PLAINTIFFS' COMPLAINT
DOE "1-5", RN, M.D.,(names are meant              :      AND JURY DEMAND
to be fictitious and are presently unknown),     :
                                                 :
                             Defendants.          :
-------------------------------------------------x
```

In this civil action for personal injuries, Plaintiffs C.K., an infant by his Mother
and Natural Guardian KAREN KOCSIS, and KAREN KOCSIS, Individually, by way of
Complaint against defendants CHRISTIANA HOSPITAL, LAUREN KANTER-
APPLEBAUM, M.D., CAROLYN WEEKS, PA, BOBBIE McCREADY, RN, JOHN
AND JANE DOE "1-5", M.D., JOHN AND JANE DOE "1-5", RN (collectively referred
to hereinafter as "Defendants"), allege as follows:

1.      At all relevant times, Plaintiffs C.K. and KAREN KOCSIS was and are
individuals residing at 24 Grant Place, City of Middletown, in the State of New Jersey.

2.      At all relevant times, defendant CHRISTIANA HOSPITAL ("CH") is a
medical hospital with a level 1 trauma center located at 4755 Ogletown-Stanton Road,

1

City of Newark in the State of Delaware, and is part of the Christiana Health Care System.

3.      At all relevant times, defendant LAUREN KANTER-APPELBAUM, M.D. ("KANTER-APPELBAUM") was a physician duly licensed to practice medicine in the State of Delaware.

4.      At all relevant times, defendant CAROLYN WEEKS, P.A. ("WEEKS") was a physician's assistant duly licensed to practice medicine in the State of Delaware.

5.      At all relevant times, defendant BOBBIE McCREADY, RN ("McCREADY") was a nurse duly licensed to practice medicine in the State of Delaware.

6.      At all relevant times, defendants JOHN AND JANE DOE, M.D. "1-5" were physicians duly licensed to practice medicine in the State of Delaware.

7.      At all relevant times, defendants JOHN AND JANE, R.N. "1-5" were Registered Nurses duly licensed to practice medicine in the State of Delaware.

## JURISDICTION AND VENUE

8.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332 because Plaintiffs are residents of a different state from defendants and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

9.      Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(2) because Plaintiffs reside in the District of New Jersey.

## FACTUAL ALLEGATIONS

10.     At all relevant times, defendant KANTER-APPELBAUM held herself out to the general public as a physician offering professional services and medical care and treatment, and in particular offered and rendered professional services and medical care and treatment to plaintiff C.K.

11.     At all relevant times, defendant WEEKS held herself out to the general public as a physician's assistant offering professional services and medical care and treatment, and in particular, offered and rendered professional services and medical care and treatment to plaintiff C.K.

12.     At all relevant times, defendant McCREADY held herself out to the general public as a nurse offering professional services and medical/nursing care and treatment, and in particular, offered and rendered professional services and medical/nursing care and treatment to plaintiff C.K.

13.     At all relevant times, defendants JOHN AND JANE DOE, M.D. "1"-"5" held themselves out to the general public as physicians and in particular, offered and rendered professional services and medical care and treatment to plaintiff C.K.

14.     At all relevant times, defendants JOHN AND JANE DOE, R.N. "1"-"5" held themselves out to the general public as registered nurses and in particular, offered and rendered professional services and medical care and treatment to plaintiff C.K.

15.     At all relevant times, defendant KANTER-APPLEBAUM was an employee, agent and/or independent contractor of defendant CH.

16.     At all relevant times, defendant WEEKS was an employee, agent, and/or independent contractor of defendant CH.

3

17.     At all relevant times, defendant McCREADY was an employee, agent, and/or independent contractor of defendant CH.

18.     At all relevant times, defendants JOHN AND JANE DOE, M.D. "1"-"5" were employees, agents, and/or independent contractors of defendant CH.

19.     At all relevant times, defendants JOHN AND JANE DOE, R.N. "1"-"5" were employees, agents and/or independent contractors of defendant CH.

20.     At all relevant times, defendants KANTER-APPLEBAUM, WEEKS, McCREADY, JOHN AND JANE DOE M.D. "1"–"5" AND JOHN AND JANE DOE, R.N. "1"-"5" stood in such a relationship with each other in their care and treatment of plaintiff C.K., as to make each defendant liable for the acts and omissions of the other.

21.     Specifically. on May 28, 2016, Plaintiff C.K. hurt his left leg during a hockey game and was taken by ambulance to the emergency room at Christiana Hospital in Newark, Delaware.  Specifically, he hurt his lower left leg.

22.     Defendant KANTER-APPLEBAUM was an emergency medicine doctor at CH and was the attending physician who was responsible for Plaintiff C.K.'s care while at CH.

23.     Defendant WEEKS was an emergency room physician's assistant specializing in orthopedics at CH when Plaintiff C.K. was brought in and was the physician's assistant who was responsible for Plaintiff C.K.'s care while at CH.

24.     Defendant McCREADY was an emergency room nurse at CH when Plaintiff C.K. was brought in and was the nurse who was responsible for Plaintiff C.K.'s care while at CH.

25.     Plaintiff C.K. was accompanied by his mother Plaintiff KAREN KOC\SIS to the CH emergency room.  Once there, he was attended to and treated by defendants. After approximately one hour, he was taken for an x-ray on his left leg.

26.     Thereafter, Plaintiffs were informed by defendants that C.K. did not have a break in his leg, only a bone bruise.  He was given a walking boot and discharged.

27.     In fact, Plaintiff C.K.'s x-rays taken while at CH did reveal a comminuted fracture through the distal third of the left tibial shaft.  The break was also noted in his x-ray record notes.

28.     However, despite this fact, defendants did not advise Plaintiffs that C.K.'s leg was broken and instead informed them that there was no break, only a bone bruise.

29.     Plaintiff C.K. experienced great pain as a result of defendants' actions, specifically their failure to advise him of his fracture and to properly treat it.

30.     Plaintiff C.K. went to see a doctor in his home state of New Jersey approximately one week later who examined him and also read his x-rays and records from CH.  That doctor informed his that there was in fact a break in his left leg.  Plaintiff C.K.'s leg was casted.

31.     On May 28, 2016, Plaintiffs sought professional care for C.K.' from CH, its agents, servants and employees for treatment related to medical complaints, including but not limited to, plaintiff C.K.'s injured left leg.

32.     On May 28, 2016, CH, its agents, servants and employees provided medical care, diagnostic care and treatment to the plaintiff C.K., more specifically related to his injured left leg.

5

33.    On May 28th, 2016, plaintiffs sought the professional care of defendants CH, KANTER-APPLEBAUM, WEEKS, McCREADY, JOHN AND JANE DOE M.D. "1"–"5" and JOHN AND JANE DOE, R.N. "1"-"5" for treatment related to C.K.'s injured left leg.

34.    On May 28th, 2016, defendants CH, KANTER-APPELBAUM, WEEKS, McCREADY, JOHN AND JANE DOE M.D. "1"–"5" and JOHN AND JANE DOE, R.N. "1"-"5" provided medical care, diagnostic care and treatment related to the plaintiff C.K.'s injured left leg.

35.    The care provided by defendants CH, KANTER-APPELBAUM, WEEKS, McCREADY, JOHN AND JANE DOE M.D. "1"–"5" and JOHN AND JANE DOE, R.N. "1"-"5" including medical, surgical, nursing and/or other types of examinations, evaluations, consultations, care treatments, studies, tests, procedures, services or advice ordered, requested, recommended, advised, performed, rendered, or provided, were ordered, requested, recommended, advised, performed, rendered, or provided by persons who were incompetent or unqualified to order, recommend, request, advised, perform, render or provide examinations, evaluations, consultations, care treatments, studies, tests, procedures, services, or advice of, for, and to plaintiff C.K.

36.    It is further claimed that the defendants CH, KANTER-APPELBAUM, WEEKS, McCREADY, JOHN AND JANE DOE M.D. "1"–"5" and JOHN AND JANE DOE, R.N. "1"-"5", their agents, servants, representatives and or employees were negligent, careless and reckless said negligent acts/omissions of the included failing to diagnose, treat, provide necessary medication, cast and communicate to plaintiff C.K. his left leg fracture.

37.     The above medical care, diagnosis, treatment and services that were rendered by defendants CH, KANTER-APPLEBAUM, WEEKS, McCREADY, JOHN AND JANE DOE, M.D. "1"-"5" and JOHN and JANE DOE, R.N. "1"-"5" their agents, servants and employees carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

38.     By reason of the above, plaintiff C.K., sustained great pain, agony, injury, including permanent injury, suffering, disability, as well as mental anguish and emotional distress.

## FIRST COUNT
## NEGLIGENCE

39.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 38 as if fully set forth herein.

40.     Defendants owed Plaintiffs a duty of care, which duty they breached, causing C.K.'s pain and suffering.

41.     Defendants deviated from the applicable standard of medical care and treatment for plaintiff on May 28, 2016 and this deviation was the direct and proximate cause of C.K.'s pain and suffering.

42.     As a result of the aforementioned acts of negligence, carelessness and/or medical malpractice of defendants as hereinabove set forth, jointly, severally or in the alternative, Plaintiff C.K. was caused to suffer great pain, including mental anguish.

## SECOND COUNT
## MEDICAL MALPRACTICE

43.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 42 as if fully set forth herein.

44.     Defendants owed Plaintiff C.K. a duty of medical care, which duty they breached.

45.     Defendants deviated from the applicable standard of medical care and treatment for plaintiff on May 28, 2016 and this deviation was the direct and proximate cause of Plaintiff C.K.'s pain and suffering as described herein.

46.     As a result of the aforementioned acts by defendants as hereinabove set forth, Plaintiff C.K. was caused to suffer great pain, including mental anguish, from the time of the incident until present.

## THIRD COUNT
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

47.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 46 as if fully set forth herein.

48.     Defendant CH was negligent in hiring, retaining and supervising defendants medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

49.     By reason of the above, plaintiff C.K. sustained great pain, agony, injury, suffering, as well as mental anguish and emotional distress.

50.     By reason of the above, plaintiff C.K. sustained and will continue to suffer great pain, agony, injury, suffering, hospitalization, as well as mental anguish and emotional distress.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for:

a) actual, compensatory and statutory damages;

b) costs of suit;

c) pre and post judgment interest as allowed by law;

8

d) punitive damages as allowed by law;

e) attorneys fees; and

f) for such other relief as the court may deem proper.

## JURY DEMAND

Plaintiffs, C.K. and KAREN KOCSIS hereby demand trial by jury as to all issues

in the above matter as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

DATE:  February 13, 2018                    By: _____
                                            Ralph DeSimone (RD 5634)
                                            DESIMONE & ASSOCIATES, LLC
                                            One World Trade Center, Suite 8500
                                            New York, New York 10007
                                            (212) 220-6555
                                            Attorneys for Plaintiffs

9

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiffs, by their attorneys, hereby certify that the matter in controversy is not the subject of any other pending action in any court or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  February 13, 2018

DESIMONE & ASSOCIATES, LLC

By: _____
       Ralph DeSimone (RD 5634)
       One World Trade Center, Suite 8500
       New York, New York 10007
       (212) 220-5696
       Attorneys for Plaintiffs